Robert G. Cummings (SBN 204438)
Law Offices of Robert G. Cummings
2000 Broadway Street
Redwood City, California 94063
Phone: (650) 434-2541
Facsimile: (650) 412-1829
rgc@cummingslawgroup.onmicrosoft.com

Attorney for Plaintiff, Maria E. Cisneros

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. CISNEROS,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, and DOES 1 through 10,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1) **Sec. & Exchange Fraud 17(a);**<br>2) **Sec. & Exchange Fraud Rule 10(b);**<br>3) **Advisors Act Fraud Sec. 206;**<br>4) **Negligence;**<br>5) **Fraud;**<br>6) **Breach of Contract;**<br>7) **Breach of the Covenant of Good Faith and Fair Dealing;**<br>8) **Breach of Fiduciary Duty.** |

Plaintiff, MARIA E. CISNEROS (hereinafter "Plaintiff"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to recover general, exemplary and punitive damages, and to seek restitution, and exemplary damages as Plaintiff suffered as a direct result of Defendant's negligence and intentional fraud and her detrimental reliance thereon.

## PARTIES

2. Plaintiff was, and at all times mentioned in this complaint was, a resident of San Mateo County, California. Plaintiff now resides in Stanislaus County, California.

3. Defendant, ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "Defendant") is, and at all times mentioned in this complaint was, corporation

- 1 -
COMPLAINT

of the Commonwealth of Minnesota doing business in and asserting its influence in Northern California.

4. The true names and capacities, whether individual, corporation, associative or otherwise, of Does 1 through 10, inclusive, are unknown to Plaintiff who therefore files this Action against such Defendants by such fictitious names pursuant to *Code of Civil Procedures §474*. Plaintiff further alleges that each of such fictitious Defendants are in some manner responsible for the acts and occurrence herein set forth. Plaintiff will amend this Complaint to allege such fictitious Defendants' true names and capacities when same are ascertained, as well as, the manner in which each fictitious Cross-Defendant is responsible.

## JURISDICTION AND VENUE

5. Venue in this district is proper as the injuries to Plaintiff occurred within the Northern District of California and the Corporate Defendants regularly seek to avail themselves of the subject jurisdiction for the purposes of obtaining additional clients and/or providing investments to their existing clients. Pursuant to Section 27(a) of the Securities Exchange Act of 1934, 15 U.S.C. section 78aa(a), Defendant actively transacts business in this judicial district and because certain transactions, acts, practices, and courses of conduct constituting violations of federal securities laws occurred within this district, thus, jurisdiction is proper in this Court as a federal question.

6. This action is bought to recover monetary damages under statutory and common law remedies. The amount of controversy exceeds the jurisdictional minimum of $75,000.00, thus, subject matter is proper in this Court under diversity of citizenship. Further pursuant to 17 C.F.R. § 240.10b-5 (Rule 10b-5), this Court is empowered to protect investors such as Plaintiff from the unscrupulous actions of the Defendants described herein.

## BACKGROUND

7. Plaintiff was a customer of ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA and/or its various related entities doing business in Northern California.

8. Plaintiff was gainfully employed with the Kaiser Hospital for twenty-five years from 1982 through 2005 and the County of San Mateo for eleven years from 2005 through 2017.

- 2 -
COMPLAINT

9. When Plaintiff ceased work at Kaiser Hospital she had accrued approximately $101,000 in retirement benefits.

10. In 2015, Plaintiff invested part of her retirement benefits with Defendant.

11. Over the course of the next two years, Defendant sent Plaintiff several statements showing substantial growth in the contract value of Plaintiff's investment.

12. During this time, Plaintiff began looking for retirement properties outside the Bay Area.

13. In June of 2017, Plaintiff identified a home that was within her and her husband's budget based on their net worth including the values reported by Defendant in their monthly statements. After arranging for and qualifying for financing, Plaintiff and her husband purchased a home in Stanislaus County.

14. By August of 2017, Defendant had sent Plaintiff a statement showing a contract value of approximately $137,841.38. (A true and correct copy of the August 15, 2017 Index Options Statement is attached hereto as **Exhibit One**.)

15. In August of 2017, Plaintiff requested Defendant to fully surrender the contract. Instead of turning over the listed cash surrender value of $138.095.70, Defendant sent a letter dated August 28, 2017 stating that an error occurred, and the contract value was only $41,233.66. (A true and correct copy of the August 28, 2017 is attached hereto as **Exhibit Two**.)

16. Defendant had sent a series of monthly investment reports to Plaintiff showing substantial and steady growth in Plaintiff's investment causing Plaintiff to detrimentally rely on the stated values fraudulently reported by Defendant. Based on information and belief, the investment advisors employed by Defendant directly and indirectly benefitted from the inflated values of Plaintiff's investment. Given Defendant's course of conduct over the two-year period and the repetition of statements showing substantial growth to Plaintiff's initial investment, Plaintiff was reasonable in her reliance on Defendant's representations.

## FIRST CAUSE OF ACTION
### Securities and Exchange Fraud
### (In violation of Section 17(a) of the Securities Act)
### (Against ALL DEFENDANTS)

17. Plaintiff refers to paragraph 1 through 16 inclusive, and by reference incorporates them herein.

- 3 -

COMPLAINT

18. Defendant, directly or indirectly, singly or in concert with others, in the offer or sale of securities, by use of the mails: (a) employed devices, schemes, or artifices to defraud; (b) obtained money or property by means of untrue statements of a material fact or omitted to state material fact necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading; or (c) engages in transactions, practices, or courses of business which operate as a fraud or deceit upon Plaintiff.

19. With respect to violations of Sections 17(a)(2) and (3) of the Securities Act, Defendant was at least negligent in its actions and inaction. With respect to violations of Section 17(a)(1) of the Securities Act, Defendant acted knowingly or severely recklessly in its actions and inaction. By reason of the foregoing, Defendant violated and, unless enjoined, will continue to violate Section 17(a) of the Securities Act [15 U.S.C. sec. 77q(a)].

20. As a direct and proximate result of Defendants unlawful conduct, Plaintiff has suffered special damages to be proven at time of trial.

21. As a direct and proximate result of Defendants unlawful conduct, Plaintiff has suffered general damages including but not limited to shock, embarrassment, intimidation, physical distress and injury, humiliation, fear, stress and other damages to be proven at the time of trial.

22. Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, committed the acts herein alleged maliciously and oppressively in conscious disregard for Plaintiff's rights. Plaintiff is entitled to recover punitive damages in an amount according to proof.

23. As a result of the conduct of Defendants, and each of them, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks reasonable attorney's fees incurred in this litigation in an amount according to proof at trial and other relief as requested in Plaintiff's prayer for relief below.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
**Fraud**
**(In violation of Section 10(b) of the Exchange Act and Rule 10b-5)**
**(Against ALL DEFENDANTS)**

24. Plaintiff refers to paragraph 1 through 23 inclusive, and by reference incorporates them herein.

25. Defendant, directly or indirectly, singly or in concert with others, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, knowingly or with reckless disregard for the truth: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices, or courses of business which operate or would operate as a fraud and deceit upon purchasers of securities, or upon other persons.

26. Defendant acted knowingly or severely recklessly in his actions or inactions. By reason of the foregoing, Defendant violated and, unless enjoined, will continued to violate Section 10(b) of the Exchange Act [15 U.S.C. sec. 78j(b)] and Rule 10b-5 thereunder [17C.F.R. sec. 240.10b-5].

27. At all relevant times, Defendants owed a duty of due care to Plaintiff.

28. Defendants breached their duty of due care to Plaintiff by their acts and omissions.

29. By their acts and omissions as alleged herein, Defendants violated state and federal regulations, including but not limited to the Unruh Act, and the Ralph Act.

30. Defendants breached of duty and violations of law proximately caused, and were a substantial factor in causing, Plaintiffs' damages as alleged herein. Such damages were reasonably foreseeable to Defendants.

31. Plaintiffs' damages resulted from an occurrence the nature of which violated statutes and regulations were designed to prevent.

32. At all relevant times, Plaintiff has belonged to the class of persons for whose protection the statutes and regulations were adopted.

33. By virtue of Defendants' acts and omissions as alleged herein, Plaintiff is entitled to preliminary and permanent relief.

34. Plaintiff is entitled to an award of damages, including exemplary damages, in an amount according to proof, as a result of Defendants' conduct alleged herein.

35. As a direct and proximate result of the negligent conduct of Defendants, Plaintiff has suffered damage to her reputation, emotional distress, mental anguish and humiliation with physical manifestations, and other injuries to her person, all to her general, special and consequential damage in an amount exceeded $75,000 according to proof at trial, within the jurisdiction of this Court.

36. As a further direct and proximate result of Defendants' negligent action against Plaintiff, Plaintiff had incurred litigation expenses including costs and attorneys' fee in the amount to be proven at trial.

In doing the things herein alleged and authorizing and ratifying the wrongful conduct described herein, Defendants acted maliciously, fraudulently, despicably, oppressively, and in conscious and reckless disregard of the rights and reputation of Plaintiff, and by reasons thereof, Plaintiff demands exemplary and/or punitive damages against Defendants, and each of them, in the amount sufficient to set an example to punish Defendants, and each of them, and to deter others similarly situated from such conduct in the future.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### Fraud
**(In violation of Sections 206(1), (2) and (4) of the Advisers Act and Rule 206(4)-(8))**
**(Against ALL DEFENDANTS)**

37. Plaintiff refers to paragraph 1 through 36 inclusive, and by reference incorporates them herein.

38. Defendant, directly or indirectly, singly or in concert with others, by the use of any means or instrumentality of interstate commerce or of the mails: (a) employed devices, schemes, or artifices to defraud any client or prospective client; (b) engaged in any transaction, practice, or course of business which operated as a fraud or deceit upon any client or prospective client; (c) engaged in any act, practice, or course of business that is fraudulent, deceptive or manipulative; or (d) made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the

circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle.

39. With respect to violations of Sections 206 (2) and (4) of the Advisers Act, Defendant was at least negligent in its actions and inactions. With respect to violations of Sections 206(1), Defendant acted knowingly or severely recklessly in his actions and inaction. By reason of the foregoing, Defendant violated and, unless enjoined, will continue to violate Section 206(1), (2) and (4) of the Advisers Act [15 U.S.C. sec. 80b-6(1), (2) and (4)] and Rule 206(4)-8 thereunder [15 U.S.C. sec. 275.206(4)-8].

40. As a direct and proximate result of Defendants unlawful conduct, Plaintiff has suffered special damages to be proven at time of trial.

41. As a direct and proximate result of Defendants unlawful conduct, Plaintiff has suffered general damages including but not limited to shock, embarrassment, intimidation, physical distress and injury, humiliation, fear, stress and other damages to be proven at the time of trial.

42. Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, committed the acts herein alleged maliciously and oppressively in conscious disregard for Plaintiff's rights. Plaintiff is entitled to recover punitive damages in an amount according to proof.

43. As a result of the conduct of Defendants, and each of them, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks reasonable attorney's fees incurred in this litigation in an amount according to proof at trial and other relief as requested in Plaintiff's prayer for relief below.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
### Negligence
### (Against ALL DEFENDANTS)

44. Plaintiff refers to paragraph 1 through 43 inclusive, and by reference incorporates them herein.

45. At all relevant times, Defendants owed a duty of due care to Plaintiff.

46. Defendants breached their duty of due care to Plaintiff by their acts and omissions.
47. By their acts and omissions as alleged herein, Defendants violated state and federal regulations, including but not limited to the Unruh Act, and the Ralph Act.
48. Defendants breached of duty and violations of law proximately caused, and were a substantial factor in causing, Plaintiffs' damages as alleged herein. Such damages were reasonably foreseeable to Defendants.
49. Plaintiffs' damages resulted from an occurrence the nature of which violated statutes and regulations were designed to prevent.
50. At all relevant times, Plaintiff has belonged to the class of persons for whose protection the statutes and regulations were adopted.
51. By virtue of Defendants' acts and omissions as alleged herein, Plaintiff is entitled to preliminary and permanent relief.
52. Plaintiff is entitled to an award of damages, including exemplary damages, in an amount according to proof, as a result of Defendants' conduct alleged herein.
53. As a direct and proximate result of the negligent conduct of Defendants, Plaintiff has suffered damage to her reputation, emotional distress, mental anguish and humiliation with physical manifestations, and other injuries to her person, all to her general, special and consequential damage in an amount exceeded $75,000 according to proof at trial, within the jurisdiction of this Court.
54. As a further direct and proximate result of Defendants' negligent action against Plaintiff, Plaintiff had incurred litigation expenses including costs and attorneys' fee in the amount to be proven at trial.

In doing the things herein alleged and authorizing and ratifying the wrongful conduct described herein, Defendants acted maliciously, fraudulently, despicably, oppressively, and in conscious and reckless disregard of the rights and reputation of Plaintiff, and by reasons thereof, Plaintiff demands exemplary and/or punitive damages against Defendants, and each of them, in the amount sufficient to set an example to punish Defendants, and each of them, and to deter others similarly situated from such conduct in the future.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
### Breach of Contract
#### (Against ALL DEFENDANTS)

55. Plaintiff refers to paragraph 1 through 54 inclusive, and by reference incorporates them herein.

56. Plaintiff and Defendant entered into an implied or express contract whereby Defendant was required to provide quotes of the cash value of the funds received from Plaintiff.

57. Defendant has breached that contract by failing to properly keep track of the policies cash value.

58. Defendant is liable to Plaintiff for the harm caused to Plaintiff as a result of the breach of contract and misappropriation of funds.

59. Plaintiff has been damaged in an amount to be proven at trial as the result of Defendant's breach of contract and misappropriation of Plaintiff's funds.

60. Plaintiff detrimentally relied on the Defendant's representations and has effectively been placed in financial peril due to those representations.

In addition, Plaintiff's damages are ongoing and increasing due to Defendant's contractual obligations to provide benefit payments for the claims identified herein.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SIXTH CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing
#### (Against ALL DEFENDANTS)

61. Plaintiff refers to paragraph 1 through 60 inclusive, and by reference incorporates them herein.

62. Plaintiff and Defendant entered into an investment contract whereby Defendant received Plaintiff's money and promised to manage and accurately report returns on investment. In fulfilling its duties in good faith (a higher standard among investment firms), Defendant must accurately report the performance on Plaintiff's investment.

63. Defendant was required to accurately report Plaintiff's investment performance.

64. Defendants knew or had reason to know that it was required to accurately report Plaintiff's investment performance.

LAW OFFICES OF ROBERT G. CUMMINGS
The Fitzpatrick Building
2000 Broadway Street
Redwood City, CA  94063

65. Defendant breached the covenant of good faith and fair dealing governing its contract with Plaintiff.

66. Defendant breached the covenant of goof faith and fair dealing by over inflating Plaintiff's investment performance.

Plaintiff has been harmed by Defendants breach. Had Defendant accurately reported Plaintiff's contract value, she would not have detrimentally relied on Defendant's representations.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SEVENTH CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against ALL DEFENDANTS)

67. Plaintiff refers to paragraph 1 through 66 inclusive, and by reference incorporates them herein.

68. As a result of Defendant's obligation to receive funds and transfer to funds to a life insurance company for purchase of annuities, a fiduciary relationship existed between Defendant and Plaintiff whereby Defendant had a fiduciary duty to Plaintiff and was duty bound to act with the utmost good faith for the benefit of Plaintiff.

69. Defendant breached that fiduciary by converting, misappropriating and Plaintiff's funds for its own personal use and enjoyment.

70. Plaintiff has been damaged in an amount to be proven at trial as a result of Defendant's breach of fiduciary duty.

71. In addition, Plainttiff's damages are ongoing and increasing due to Defendant's contractual obligations to provide benefit payments for the claims identified herein.

WHEREFORE, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

Plaintiff hereby prays for judgment against Defendants according to proof on all causes of action, as follows:

1. Special damages in a sum according to proof against all Defendants;

2. General damages in a sum according to proof against all Defendants;

3. For interest provided by law including, but not limited to, California Civil Code section 3291 against all Defendants;

4. For attorney's fees as allowed against all Defendants;

5. Costs of suit and for such other and further relief as the court deems proper against all Defendants;

6. For civil penalty provided by law including, but not limited to that provided by California Civil Code section 52 against all Defendants;

7. For punitive damages against all Defendants;

8. For injunctive relief against all Defendants prohibiting any further harassment and/or discrimination.

Dated: June 24, 2019

Respectfully submitted,

Robert G. Cummings,
Attorney for Plaintiff,
Maria E. Cisneros

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial.

Dated: June 23, 2019

Respectfully submitted,

Robert G. Cummings,
Attorney for Plaintiff,
Maria E. Cisneros